Filed 6/21/16  In re O.P. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re O.P., a Person Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>O.B.,<br><br>Defendant and Appellant. | F072653<br><br>(Super. Ct. No. 15CEJ300120-2)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Brian M. Arax, Judge.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel C. Cederborg, County Counsel, and Brent C. Woodward, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Gomes, Acting P.J., Franson, J. and Peña, J.

O.B. (father B.) appeals after the trial court denied reunification services to him for his biological child, O.P. (hereafter the younger child). The only issue is whether the Fresno County Department of Social Services (the Department) and the juvenile court failed to comply with the Indian Child Welfare Act (the ICWA). Father B. contends the Department and the juvenile court were put on sufficient notice to require further inquiry into the younger child's Indian ancestry, yet failed to conduct any inquiry. We agree and will remand the matter to permit the juvenile court to comply with the ICWA.

FACTUAL AND PROCEDURAL SUMMARY

Mother had two children by different men. To ease the reader's task, and protect the identity of the parties, we will refer to the two fathers as Father B. and Father J. We will refer to the two children as the older child and the younger child.

Father J. was the biological and presumed father of the older child. Father J. was also the presumed father of the younger child as he was married to mother at the time the younger child was born, although it appears Father J. was incarcerated when the younger child was conceived. Father B. was the biological father of the younger child.

The Department's involvement occurred because of domestic violence history between mother and both fathers. The facts related to the Department's involvement are not significant to the issue in this appeal, so we need not provide a detailed summary. The juvenile court detained both children, found it had jurisdiction over both children, and ordered both children placed outside the home. Reunification services were awarded to mother, but denied to both fathers.

DISCUSSION

Father B.'s notice of appeal states that he is appealing the order denying reunification services. However, the only issue raised in his brief is the juvenile court's failure to comply with the ICWA. The only relief sought is remand to permit the juvenile court to comply with the statutory requirements.

The relevant facts are not in dispute. The juvenile dependency petition was filed on April 23, 2015, and states that an Indian child inquiry was made of mother and neither child has known Indian ancestry. On April 29, 2015, Father J. filed a "Parental Notification of Indian Status" (Form ICWA-020) wherein he indicated he may have Indian ancestry. On the same date, mother filed the same form which indicated she may have Indian ancestry. Mother indicated on the form her maternal grandmother may have been a Blackfoot Indian. Father B. also filed this form on the same date and indicated he may have Indian ancestry. Neither father provided any information on the form to indicate to which tribe their Indian ancestry related, or through what relative such ancestry may have been passed through to the father.

The detention report indicated that the ICWA did not apply.

The jurisdiction report indicated that "The Indian Child Welfare Act does or may apply." The report acknowledged mother had initially indicated no Indian ancestry, but both mother and father J. had subsequently filed a form ICWA-020 indicating they may have Indian ancestry. The minute order from this hearing does not make any finding regarding the ICWA. However, the juvenile court stated in its oral findings that "the Indian Child Welfare Act doesn't appear to apply to the proceedings at this time."

The disposition report states that the ICWA does not apply. The disposition minute order states that the ICWA does not apply. At the disposition hearing the juvenile court stated in its oral findings that the ICWA was inapplicable.

We were not able to find any other discussion or reference to the ICWA in the record. Father B. argues that juvenile court was put on notice by both parents that the younger child possibly had Indian ancestry.

Accordingly, we have in this case evidence that the juvenile court and the Department were notified that the ICWA might apply, but no effort was made by anyone to follow up on this information. Father B. argues the matter must be remanded to permit

3.

compliance with the ICWA. The Department argues the information was insufficient to compel any further inquiry.

Welfare and Institutions Code section 224.3, subdivision (a), imposes on the juvenile court and the Department "an affirmative and continuing duty to inquire whether a child for whom" a petition has been filed "is or may be an Indian child." If the juvenile court or the Department has reason to know an Indian child is involved, the Department is "required to make further inquiry regarding the possible Indian status of the child, and to do so as soon as practicable, by interviewing parents, Indian custodian, and extended family members to gather the information required .…" (Welf. & Inst. Code, § 224.3, subd. (c).) The circumstances that may provide the Department with reason to know the child is an Indian child include "a person having an interest in the child, including … a member of the child's extended family provides information suggesting the child is a member of a tribe or eligible for membership in a tribe or one or more of the child's biological parents, grandparents, or great-grandparents are or were a member of a tribe." (Welf. & Inst. Code § 224.3, subd. (b)(1).) The federal statutes establishing the ICWA are consistent with these provisions. (See, e.g., 25 U.S.C. 1901, et seq.)

The case law clearly establishes that the duty of inquiry is triggered even though the juvenile court or the Department is provided with minimal information, referring to the relevant standard as a reason to believe, or requiring only a minimal showing, or a mere suggestion the child may be an Indian child. (*In re Joseph P.* (2006) 140 Cal.App.4th 1524, 1529-1530; *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1406-1407; *Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, 254-257 (*Dwayne P.*).) The cases cited in *Dwayne P.* demonstrate that the information provided here was more than sufficient to trigger the duty to make further inquiry. (*Dwayne P., at* pp. 256-257.)

The Department makes two arguments in an attempt to overcome its failure to comply with its statutory duties. First, the Department asserts it made an adequate

4.

inquiry simply because each parent completed the form ICWA-020. This argument is, of course, absurd. The form provided the information which put the Department on notice of possible Indian ancestry. The duty of inquiry was triggered when the Department learned from these forms that the younger child may be an Indian child.

Second, the Department asserts that because none of the forms was complete, it was relieved of the duty to make further inquiry. This argument ignores the statutory requirements with which the Department is required to comply. Once the Department had reason to know that the younger child had Indian ancestry, it was "required to make further inquiry regarding the possible Indian status of the child, and to do so as soon as practicable, by interviewing parents, Indian custodian, and extended family members to gather the information required .…" (Welf. & Inst. Code § 224.3, subd. (c).) No such effort was made in this case.

## DISPOSITION

The Department and the juvenile court failed to comply with their statutory requirements once they had reason to know the children may have Indian ancestry. Neither made any effort to determine on what basis each parent suggested such ancestry. This was error, requiring we remand the matter to the juvenile court to allow it to comply with the ICWA by making further inquiry to determine if there is any basis for the claimed Indian ancestry.

We also note father B.'s appeal addresses only the youngest child since he has no relationship with the older child. It would be prudent for the juvenile court to complete the ICWA inquiry for both children to avoid further appellate issues causing delays in completing the case plan for mother.

5.